[Civ. No. 14968. Second Dist., Div. One. Nov. 21, 1945.]

ZOLTEN MORVAY, Appellant, v. PAULINE FONDREN et al., Respondents.

Bertram S. Harris and Samuel A. Rosenthal for Appellant.

William R. Law and Gerald A. Coxe for Respondents.

YORK, P. J.—The facts which form the background of the instant litigation are briefly as follows:

On or about May 1, 1939, respondent Groves and his brother received from the U. S. Patent office a trade mark authorizing them to use for a period of twenty years the name "Granitize." On May 24, 1940 the said Groves brothers, as owners of the trade mark and of a secret formula for the manufacture of an automobile polish, entered into a written contract with plaintiff by the terms of which the latter claims he was given the right to be the exclusive distributor of Granitize in the United States for a term of ten years. In an action thereafter instituted in the Superior Court of Los Angeles County (462547) by the plaintiff, he recovered judgment against the Groves brothers and others for a stated sum of money, as well as an injunction restraining defendants therein from selling Granitize to any person other than said plaintiff. Under an execution issuing out of said action all the right, title and interest of said Groves brothers in the contract of May 24, 1940 was sold to plaintiff Morvay on December 23, 1941, and on August 10, 1942, under an execution sale held by the sheriff of the City and County of San Francisco, all the right, title and interest of said Groves brothers in and to a secret formula for the manufacture of Granitize, an automobile polish, was sold at public sale to said plaintiff Morvay.

Thereafter in a series of litigation, findings and judgment were entered in the consolidated cases numbered 465931, 470430 and 474646 in favor of plaintiff Morvay, to the effect that said Morvay "is entitled to the use of the name 'Granitize' for a period of 20 years and to manufacture the same, through and by virtue of the purchase at a sheriff's execution sale of all of the right, title and interest of Carl P. Groves and Harold L. Groves in and to that said con-

tract dated May 24, 1940 . . . that (Plaintiff) is the owner of the secret formula for the manufacture of 'Granitize' through and by virtue of his purchase at a sheriff's execution sale of said secret formula.''

By the instant action, plaintiff seeks to enjoin defendant Carl P. Groves, individually, and Pauline Fondren, C. H. Fondren, doing business as Fondren Dust Cloth and Wiping Rag Company, from using the name Granitize and from selling any products manufactured thereunder upon the ground of unfair competition, and also seeks an accounting from defendants for each and every article sold by them under the name of Granitize. Defendant Groves filed his answer herein alleging a present ownership in the name Granitize, and the right to manufacture, sell and distribute automobile polish under such name, and also set up as a bar to the instant action, the judgment rendered in the consolidated cases heretofore mentioned, which said defendant alleges ''involved the same issues as are alleged in the Complaint herein.'' Said defendant Groves also filed a cross-complaint in which he prayed for $10,000 damages against plaintiff for the latter's interference with the right and ownership of said defendant in the name Granitize.

The trial court herein found: ''1. That the defendant Carl P. Groves is the real party in interest in the above entitled matter. 2. That the defendants Pauline Fondren and Crycie H. Fondren are not the real parties in interest but that their interest, if any, arises solely by virtue of transactions with defendant Groves and in privity of contract with him. 3. That the gist of the instant action and the real issue between the plaintiff and the defendant Groves is the respective rights of the plaintiff and said defendant Groves to manufacture and sell automobile polish and compounds and accessories under the trade name 'Granitize.' 4. That such issue was tried and determined between the said parties in Consolidated Actions Nos. 465,931, 470,430 and 474,646, Superior Court of the County of Los Angeles, State of California, on or about the 25th day of September, 1942, and that the judgment in said action was as follows, to wit:

'' 'IT IS ORDERED, ADJUDGED AND DECREED:

I

'' 'That Zolten Morvay . . . have Judgment against the said _. . . Carl P. Groves in cause of action No. 470430.

## II

" 'That Zolten Morvay . . . have judgment against . . . Carl P. Groves in Cause of Action No. 474646.

## III

" 'That the said Zolten Morvay . . . is entitled to the use of the name 'Granitize' for a period of twenty years and to manufacture the same under and by virtue of a purchase at a Sheriff's execution sale of all of the right, title and interest of . . . Carl P. Groves in and to that certain contract dated May 24th, 1940. . . .

## IV

" 'That the said Zolten Morvay . . . is the owner of the secret formula for the manufacture of 'Granitize' by virtue of his purchase at a Sheriff's Execution Sale of said secret formula.'

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"5. That said judgment fully adjudicated the said issue between the said parties upon its merits and is now final and conclusive between them. That by said judgment the said defendant Groves was not deprived of his right to manufacture and sell said products under said trade name 'Granitize,' nor was the plaintiff therein given or granted the exclusive right to manufacture and sell said products under said trade name 'Granitize.'

"6. That on account of said prior judgment the plaintiff is estopped from again raising said issue in the suit at bar and from a second trial upon or retrial of said issue."

From the judgment which followed that plaintiff "take nothing by this action," this appeal is prosecuted.

Appellant includes in his opening brief arguments respecting the rights he claims he acquired under the execution sales. It is apparent that such claims have no bearing upon this appeal. An examination of the record discloses that the question for determination on appeal is whether the judgment rendered in the consolidated actions is a bar to the instant action, and as to this appellant urges that the trial court was under the erroneous impression that the issues here involved and those determined in the former actions were the same, and that there was no evidence before the trial court herein to establish such an inference.

At the trial of the instant cause, the original agreement between appellant and respondent Groves, and as well the findings and judgment in the consolidated cases were introduced in evidence by reference, being plaintiff's exhibit 1 and defendants' exhibit A, respectively. Thereafter appellant called respondent Groves as a witness under section 2,055 of the Code of Civil Procedure and interrogated him as follows: "By Mr. Rosenthal: Q. Mr. Groves, are you manufacturing an automobile polish or solution under the name of 'Granitize'?" Whereupon, counsel for respondent Groves objected to the introduction of any evidence concerning "any facts that were either pleaded, proved or covered by the former judgment, on the grounds that the thing is now estopped, and the judgment has become final, and that these facts have been adjudicated." This objection was sustained, and counsel for appellant then made a lengthy offer of proof, to the receipt of which respondent interposed objection "on the ground that a great many of the facts offered to be proved have been tried and adjudicated." The court sustained such objection, stating, "It seems to me they were all adjudicated in the three actions, in the findings I made in the judgment I rendered."

After similar objections were sustained to the introduction of evidence and receipt of offers of proof with respect to two other witnesses called by appellant, the court gave judgment in favor of respondents with the comment: "I believe all of these matters were determined in the earlier action."

Since the judge who presided at said trial was familiar with the consolidated actions, having made the findings and rendered the judgment therein, it must be assumed that, when he found that the issues here presented had been adjudicated by the former judgment, his decision was based upon sufficient evidence.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied December 7, 1945, and appellant's petition for a hearing by the Supreme Court was denied January 17, 1946. Carter, J., voted for a hearing.